AGENCY DEVELOPMENT, INC., a Michigan Corporation and Patrick D. Patterson, as Managing General Agent, Plaintiffs–Appellants,

v.

MEDAMERICA INSURANCE COMPANY OF NEW YORK, a New York Corporation, Medamerica Insurance Company, a Pennsylvania corporation, Excellus Reinsurance Company Ltd., a foreign corporation, Excellus Insurance Agency, Inc., a New York corporation, Excellus Health Plan, Inc., a New York corporation, Excellus Ventures, Inc., a New York corporation and Excellus, Inc., a New York corporation, Defendants–Appellees.

Docket Nos. 04–2238, 04–3975.

United States Court of Appeals, Second Circuit.

Sept. 9, 2005.

Joseph Falcone, Southfield, MI, for Appellants.

Daniel J. Moore, Harris Beach LLP (Philip G. Spellane, Gregory J. McDonald), Pittsford, NY, for Appellees, of counsel.

PRESENT: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiffs brought this action against defendants after defendants terminated a long term contract between the parties, as per the terms of the contract. Plaintiffs asserted a variety of federal and state antitrust claims and common law claims including breach of contract, fraud, and unfair competition. Plaintiffs also moved to amend the complaint to add a cause of action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

With respect to all arguments raised on appeal other than those regarding plaintiffs' proposed Lanham Act claim, we affirm the judgment of the district court for substantially the reasons it stated in its thorough opinions. *See Agency Dev. Inc. v. Med. Am. Ins. Co.*, 327 F.Supp.2d 199 (W.D.N.Y.2004); *Agency Dev. Inc. v. Med Am. Ins. Co.*, 310 F.Supp.2d 538 (W.D.N.Y.2004).

With respect to plaintiffs' appeal of the district court's denial of their motion to amend their second amended complaint to add a claim for false advertising under the Lanham Act, we conclude that the annual reports at issue were not commercial speech and that any other asserted misrepresentations or misleading omissions were not material. *See Fashion Boutique of Short Hills, Inc., v. Fendi USA, Inc.,* 314 F.3d 48, 56 (2d Cir.2002). We therefore conclude that the district court did not abuse its discretion in denying as futile plaintiffs' motion to amend their second amended complaint. *See Kropelnicki v. Siegel,* 290 F.3d 118, 130–31 (2d Cir.2002).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.